"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI STEELE, | Case No. EDCV 07-1174 AN |
| Plaintiff, | ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

The Court now rules as follows with respect to the four disputed issues in the Joint Stipulation ("JS").[1]

**Issues #1 and #2**

Issues #1 and #2 both concern Plaintiff's alleged mental impairments. Plaintiff contends the Administrative Law Judge ("ALJ") improperly misrepresented the evidence in the record regarding her mental impairment and improperly rejected Plaintiff's mental complaints without specific explanation. (JS 3-5.) Plaintiff also contends the ALJ failed to develop properly the record regarding her mental impairments. (JS 7-10.) Specifically, Plaintiff contends the ALJ should have subpoenaed the records of Dr. Melvin Quan and ordered a consultative mental examination of Plaintiff. (JS 10.)

---

[1] Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed the JS and seek a dispositive order regarding the disputed issues set forth in the JS. The Court's decision is based upon the pleadings, the Administrative Record ("AR"), and the JS.

1  "The ALJ has a special duty to develop the record fully and fairly and to ensure
2  that the claimant's interests are considered, even when the claimant is represented by
3  counsel." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001), *citing Tonapetyan v.*
4  *Halter,* 242 F.3d 1144, 1150 (9th Cir.2001), *and Brown v. Heckler,* 713 F.2d 441, 443
5  (9th Cir. 1983).  "When the claimant is unrepresented, . . ., the ALJ must be especially
6  diligent in exploring for all the relevant facts." *Tonapetyan*, 242 F.3d at 1150.  "The
7  ALJ's duty to develop the record fully is also heightened where the claimant may be
8  mentally ill and thus unable to protect [his] own interests." *Id*.   The ALJ's duty to
9  develop the record further is triggered when there is ambiguous evidence or the record
10 is inadequate to allow for proper evaluation of the evidence. *Mayes*, 276 F.3d at 459-460;
11 *Tonapetyan*, 242 F.3d at 1150.
12     Plaintiff was not represented by counsel.  (AR 11, 248.)
13     The ALJ found that Plaintiff did not have a mental impairment. (AR 16.)  The ALJ
14 noted that the record contained "statements from physicians who suspected [Plaintiff]
15 could have depression or a somatization disorder" but "has consistently denied depression
16 and has refused mental health treatment."  (AR 16.)  In finding that Plaintiff did not have
17 a mental impairment, the ALJ relied on the opinion of a nonexamining, consulting
18 psychiatrist. (AR 16.)
19     The record here contains numerous items that indicate Plaintiff may have been
20 suffering from a mental impairment.  Plaintiff testified at her administrative hearing that
21 she was fired from her most recent job because her "brain was exhausted" and she could
22 not think after a training session.  (AR 256.)  Plaintiff repeatedly stated in her disability
23 reports that her ability to think, understand, concentrate, and remember was
24 compromised.  (AR 62, 81, 107, 131, 140.)  Plaintiff stated she tried to get a mental
25 health evaluation at two mental health clinics but was refused because "I was not an
26 extreme case and because I would like to handle my condition holistically rather than
27 with drugs."  (AR 145.)  The record also contains letters from J. L. Terrell, a former
28 employer, and Michael Flanigan, a former supervisor, which indicate that Plaintiff had

severe problems at work remembering things and following instructions. (AR 147, 149, 151, 170.)

Dr. Thomas S. Allems, an examining physician, stated that Plaintiff warranted a psychiatric evaluation to rule out depression that might be the underlying cause of her complaints. (AR 187.) Medical providers at the Berkeley Women's Health Center also believed that Plaintiff could have been suffering from depression even though Plaintiff denied depression. (AR 201, 202.) Records from the Berkeley Women's Health Center show that Plaintiff refused a psychiatric consultation, however, it appears that she did so because she was moving to Riverside that week. (AR 201.) The record does not contain any evidence of a psychiatric evaluation of Plaintiff.

Under the circumstances, the Court finds that the ALJ failed to develop the record in the proper manner and, as a consequence, the Commissioner's final decision is not based upon substantial evidence. Here, the ALJ"s duty to develop the record was heightened because Plaintiff was not represented by counsel and may have been mentally ill. Plaintiff's allegations of mental limitations, the letters from a former employer and a former supervisor and, most importantly, the notations from Dr. Allems and the Berkeley Women's Health Center constituted ample evidence that Plaintiff may have been suffering from depression. However, the record does not contain any evidence of mental health treatment or a mental health evaluation that would help a mental health expert make an adequate determination about the nature and extent of any depression, and whether it created any disabling functional limitations. Further development of the record was and is necessary. On remand, the Commissioner should properly develop the record to determine whether Plaintiff suffers from disabling depression or any other form of a disabling mental impairment. This will likely require a subpoena of other medical records from Dr. Quan and a consultative psychiatric evaluation to rule out depression. Ultimately, the evidence may show Plaintiff does not suffer from any type of disabling mental condition, however, the current record does not adequately support such a finding.

**Issue #3**

1  Plaintiff contends the ALJ improperly failed to discuss specifically the side effects
2  she suffered as a result of taking Paxil. (JS 12-13.)   This contention fails for the reason
3  stated by the Commissioner, i.e, any side effects from Paxil are immaterial because
4  Plaintiff testified that she only took Paxil on one occasion. (AR 252-253.)

### **Issue #4**

6  Plaintiff contends the ALJ did not properly consider the impact her fibromyalgia
7  had on her ability to work. (JS 14-15.)  Plaintiff appears to contend the ALJ improperly
8  rejected her claims that she suffered the following subjective symptoms arising from her
9  fibromyalgia: severe and chronic fatigue, headaches, muscle aches, back ache, aching
10 hands, difficulty breathing, memory loss, physical depression, emotional depression,
11 weakness to the point that she is unable to concentrate, an inability to think and follow
12 instructions, chemical sensitivity, burning eyes, bronchitis, asthma, anxiety attacks,
13 disturbed sleep and cognitive dysfunction. (JS 15-16.)

14 A plaintiff who alleges disability based on subjective symptoms must produce
15 objective medical evidence of an underlying impairment which could reasonably be
16 expected to produce the pain or other symptoms alleged.  *See Cotton v. Bowen*, 799 F.2d
17 1403, 1407-08 (9th Cir. 1986); *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991).
18 The *Cotton* test requires only that the causal relationship between the impairment and the
19 symptom be a reasonable inference, not a medically proven phenomenon.  The plaintiff
20 only needs to show that the impairment could reasonably have caused some degree of the
21 symptom.  *See Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir. 1986) (noting that the
22 Ninth Circuit has "never required that the medical evidence identify an impairment that
23 would make the pain inevitable").

24 An ALJ may not reject subjective symptom testimony under the *Cotton* analysis
25 simply because there is no showing that the impairment can reasonably produce the
26 degree of symptom alleged.  Once the plaintiff has satisfied the *Cotton* test and there is
27 no evidence of malingering, the ALJ may reject the plaintiff's testimony regarding the
28 severity of her symptoms only if he or she makes specific findings stating clear and

1  convincing reasons for doing so. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996),
2  *citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ must state
3  specifically which symptom testimony is not credible and what facts in the record lead
4  to that conclusion. *Id.* The Commissioner's findings, properly supported by the record,
5  must be sufficiently specific to allow a reviewing court to conclude that the
6  Commissioner rejected plaintiff's testimony on permissible grounds and did not
7  arbitrarily discredit plaintiff's testimony regarding pain. *Bunnell*, 947 F.2d at 345-46.

8  The ALJ found Plaintiff suffered from fibromyalgia, asthma and bronchitis. (AR
9  13.) The ALJ rejected Plaintiff's claim that she suffers chemical sensitivity. (AR 16.)
10 The ALJ found Plaintiff had not demonstrated by objective medical evidence an
11 underlying impairment capable of causing her alleged chemical sensitivity. (AR 16.)

12 The ALJ did not specifically discuss any other symptom alleged by Plaintiff, and
13 the ALJ found Plaintiff's "allegations of her physical limitations are vague." (AR 18.)
14 The ALJ did not specifically identify the Plaintiff's alleged symptoms. The ALJ broadly
15 rejected Plaintiff's symptom allegations stating, "[a]fter considering the evidence of
16 record, the undersigned finds that [Plaintiff's] medically determinable impairments could
17 reasonably be expected to produce the alleged symptoms, but that [Plaintiff's] statements
18 concerning the intensity, persistence and limiting effects of these symptoms are not
19 supported by the medical evidence." (AR 19.)

20 The court finds the ALJ did not give clear and convincing reasons for rejecting
21 Plaintiff's subjective symptoms regarding the severity of her impairments. More
22 specifically, the ALJ did not "state specifically which symptom testimony is not credible
23 and what facts in the record [led ] to that conclusion." *Smolen*, 80 F.3d at 1281.
24 Consequently, the ALJ's decision is not "sufficiently specific to allow a reviewing court
25 to conclude whether or not [the ALJ] rejected plaintiff's testimony on permissible
26 grounds and did not arbitrarily discredit plaintiff's testimony regarding pain." *Bunnell*,
27 947 F.2d at 345-46. On remand, the Commissioner should properly evaluate Plaintiff's
28 subjective symptom allegations.

Page 5

**Conclusion**

IT IS THEREFORE ORDERED that a judgment be entered reversing the Commissioner's final decision and remanded for further proceedings regarding Plaintiff's alleged mental impairments and subjective symptoms consistent with this Order.

DATED: July 29, 2008         /s/   ARTHUR NAKAZATO
                                    ARTHUR NAKAZATO
                              UNITED STATES MAGISTRATE JUDGE